DECISION
Plaintiff appealed the real market value (RMV) of the subject property for the 2008-09 tax year.[1] The property is identified in the assessor's records as Account 398985. Plaintiff was represented by Manoochehr Mehr (Mehr), one of its trustees, who testified at the telephone hearing held in this matter. Defendant was represented by Douglas Schmidt and Valerie Stamps.
 I. STATEMENT OF FACTS
The subject property is a residential home on a lot. The lot was purchased in 2006 for $96,000; the home was built later. The parties disagree on when the home was actually completed, Mehr asserting it was "essentially finished" in December 2006, whereas Defendant, who had an appraiser on-site December 29, 2006, determined the house was 83 percent complete as of January 1, 2007.
Defendant determined that on January 1, 2008, the assessment date for the 2008-09 tax year, the total RMV of the property was $519,120, with $124,000 allocated to the land and $395,120 to the improvement. The assessed value (AV) was determined to be $330,460. When *Page 2 
pressed by the court, Mehr insisted that the total RMV should be $420,000 as of January 1, 2008.
Plaintiff appealed the tax year 2008-09 values to the county board of property tax appeals (Board), and the Board sustained Defendant's values. Plaintiff did not appeal that Board's order. The instant appeal was filed March 30, 2010, after the Board had sustained Defendant's 2009-10 values.
 II. ANALYSIS
A taxpayer unhappy with the value of his or her property can appeal by filing a petition with the Board before December 31 of the "assessment year." ORS 309.026(2) (authorizing the Board to hear petitions for value reduction requests) and ORS 309.100(2) (providing for an appeal "following the date the tax statements are mailed for the current tax year and ending December 31"). A taxpayer unhappy with the Board's decision can appeal to this court within 30 days of the date the Board order is mailed. ORS 309.110(7) (providing for an appeal of the Board order "to the magistrate division of the Oregon Tax Court"); ORS 305.280(4) (requiring that the appeal "be filed within 30 days after the * * * date of mailing of the order").
Plaintiff appealed the 2008-09 tax year values to the Board, but did not timely appeal the Board's order. In certain limited circumstances, the court can consider an appeal and order a reduction in value where a taxpayer does not timely appeal from the Board. See generally ORS 305.288.
One instance in which the court can order a reduction in value, notwithstanding the taxpayer's failure to timely appeal the Board's order is where there is an allegation of an error in the RMV of the property of at least 20 percent. ORS 305.288(1)(b). Measured against the current RMV on the rolls for the 2008-09 tax year of $519,120, the 20 percent threshold is $415,296. Plaintiff asserts the RMV should be $420,000. Plaintiff has not alleged a 20 percent *Page 3 
error in the RMV.
The other instance in which the court can order a reduction in value is where the taxpayer has a statutorily satisfactory reason for not timely appealing the Board's order. The legal requirement, found in subsection (3) of ORS 305.288, is "good and sufficient cause," defined elsewhere in the statute as "an extraordinary circumstance that is beyond the control of the taxpayer." ORS 305.288(5)(b)(A). When asked by the court why Plaintiff did not appeal the Board's order to this court if he felt the value was excessive, Mehr stated that he understood the assessor's representative at the Board hearing to have told him that "if there was a `dramatic' drop in `price,' they [the assessor] would reduce my taxes." Stamp, the assessor's representative in the appeal in this court, was also at the Board hearing. She advised the court that she did not recall making a statement about Plaintiff'staxes, but that she would likely have told Plaintiff that, if the RMV dropped below the maximum assessed value (MAV), Plaintiff would have received a tax reduction. That is a reasonable statement, and one that aligns with the various statutes addressing value for tax purposes.
Importantly, good and sufficient cause requires: 1) "an extraordinary circumstance," and such circumstance 2) must be beyond the taxpayer's control. ORS 305.288(5)(b)(A). Plaintiff has not established that a timely appeal from the Board's order was not possible because of circumstances that were either extraordinary or beyond its control. Accordingly, good and sufficient cause is lacking.
 III. CONCLUSION
After due consideration, the court concludes that it lacks jurisdiction to consider Plaintiff's appeal because Plaintiff did not timely appeal from the Board's order for the 2008-09 tax year, and Plaintiff has not established that the provisions of ORS 305.288 are satisfied. *Page 4 
Plaintiff has not alleged an error in a value of at least 20 percent and has not established "good and sufficient cause" for not timely appealing the Board's tax year 2008-09 determination to this court. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal must be, and is hereby, dismissed.
Dated this ___ day of March 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon March 3, 2011. The Court filed and entered this documenton March 3, 2011.
[1] Plaintiff's Complaint states that the tax year under appeal is "2009-2010," but after a lengthy discussion about the year of purchase, when the home was built, and the various values placed on the property by Defendant beginning with the 2007-08 tax year, Mehr, advised the court that the appeal really concerned the 2008-09 tax year because, in his opinion, that was the year that the value "went into orbit." The parties agree that the RMV increased from $413,940 to $519,120 between 2007 and 2008. Plaintiff's Complaint was amended to correct the tax year appealed. *Page 1